**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| NICHOLAS BAVAS,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS, INC., and CROWN IA GAMING LLC d/b/a DraftKings,<br><br>Defendants. | Case No.: 4:25-cv-00185-SHL-SBJ |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................ 1

A. DraftKings' Factual Admissions. ........................................ 1

B. DraftKings Misconstrues Its Own Rules. ........................................ 2

C. DraftKings Cannot Void All Of Bavas' Bets Under Rules 4.6.4 and 5.4.8. ............ 2

D. Weather is Not an "Error" Under the Contract Terms. ........................................ 3

E. The Facts are Undisputed So the Court May Determine Unconscionability. .......... 4

F. DraftKings is Estopped from Arguing the Deadline For Leave to Amend Has Passed. ........................................ 5

CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Fields v. NCR Corp.*,
683 F. Supp. 2d 980 (S.D. Iowa 2010) ....................4

*Williams v. Mannis*,
889 F.3d 926 (8th Cir. 2018) ....................3

**State Cases**

*Dewaay v. Dallenbach*,
810 N.W.2d 25 (Iowa Ct. App. 2011)....................4

*DuTrac Cmty. Credit Union v. Radiology Grp. Real Est., L.C.*,
891 N.W.2d 210 (Iowa 2017) ....................4

*Georgia Lottery Corp. v. Sumner*,
242 Ga. App. 758, 529 S.E.2d 925 (2000)....................3

*Hofmeyer v. Iowa Dist. Ct. for Fayette Cnty.*,
640 N.W.2d 225 (Iowa 2001) ....................4

*Iowa Fuel & Mins., Inc. v. Iowa State Bd. of Regents*,
471 N.W.2d 859 (Iowa 1991) ....................2

*McBride v. New York City Off-Track Betting Corp.*,
66 A.D.2d 770, 410 N.Y.S.2d 868 (1978) ....................3

*Peak v. Adams*,
799 N.W.2d 535 (Iowa 2011) ....................2

**Rules**

Fed. R. Civ. P. 56(a) ....................5

## PRELIMINARY STATEMENT

Defendants DraftKings, Inc.'s and Crown IA Gaming LLC (collectively, "DraftKings'") do not dispute that enforceable contracts existed between Plaintiff Nicholas Bavas ("Bavas") and DraftKings, or what the written terms of those contracts were. (*See* Defendants' Response to Plaintiff's Statement of Undisputed Material Facts ("DRSUF"), ¶¶ 4; 23; 28; 32; 36; 40).[1]

DraftKings also does not dispute that the 2024 AT&T Pro-Am Golf Tournament (the "Tournament") Bavas wagered on ended *after* DraftKings had already accepted his bets (DRSUF ¶ 45); and that Bavas' bets "reflected the [T]ournament winner and Top 5, 10, and 20 finishers on the leaderboard at the close of Round 3, which became the final results." DRSUF ¶¶ 47-8.

### A. DraftKings' Factual Admissions.

DraftKings makes several key admissions in its Resistance that establish breach:

- It knowingly accepted Bavas' bets despite extraordinarily long odds of as high as 1-in-4,651,471 (Declaration of Tom Butterworth ("Butterworth Dec."), Defendants' Appendix ("Def. App."), p. 3, ¶ 12).
- Its trading team "knew it was possible that Round 4 of the Tournament might not proceed given the inclement weather." (*Id.*, p. 5, ¶ 16).
- It voided Bavas' bets at least 24-hours *after* the Tournament ended. (*Id.*, p. 5, ¶ 17).
- It voided Bavas' bets under the "Tournament Futures Winner" Rule rather than applying the "Top Specified Finish" Rule. (*Id.*, pp. 5-6, ¶¶ 18-19).
- It voided Bavas' bets because "his bets took advantage of the bad weather." (*Id.*, p. 6, ¶ 20).

DraftKings knowingly accepted bets with "extraordinarily long odds of one-in-47,000 or one-in-10,000" (Butterworth Dec., Def. App., p. 7, ¶ 20) while knowing the risk "the tournament might not proceed given the inclement weather," only to void Bavas's winning bets 24 hours after the Tournament was decided. DraftKings lost and refused to pay.

[1] The distinction DraftKings draws between individual bets as separate contracts versus all bets forming a single contract is meaningless—all of Bavas' bets are subject to the same terms.

**B. DraftKings Misconstrues Its Own Rules.**

DraftKings misapplies the "Tournament Futures Winner" Rule ("TFW Rule") to bets that clearly fall under the "Top Specified Finish Rule" ("TSF Rule"). The TFW Rule governs bets on the "tournament winner" (singular) and the "player/team winning the trophy," while the TSF Rule explicitly applies to wagers such as Bavas's, bets on the Top 5, Top 10, and Top 20 finishers.

DraftKings points to the definition of "futures" in the Market Rules (Def. App., p. 29) to bolster application of the TFW rule, but the language at issue is not "futures," it is "*winner*" and "*player/team winning the trophy*," neither of which accurately describe Bavas' 20 leg parlay bets which instead fall under the TSF Rule's explicit definition of "[a]Player to finish within the Top 4, Top 5, Top 6, Top 10 or Top 20 of a specific tournament." (Def. App., p. 40).

Critically, the TSF Rule omits the TFW Rule language regarding "bets … placed after the last shot of the previously completed round" (Def. App., pp. 39-40) so, under hornbook rules of contract construction, that language is simply not applicable to Top Specified Finish bets. *Peak v. Adams*, 799 N.W.2d 535, 548 (Iowa 2011) ("[T]he expression of one thing of a class implies the exclusion of others not expressed.")

Bavas' plain language reading of the Contract(s) is reinforced by the Market Rules on "Parlay" and "Same Game Parlay" (Def. App., pp. 34-35) which require "void" selections to be "excluded from the Parlay" and odds of the Parlay to then be "recalculated."

Even if ambiguity existed over which rule to apply, Iowa law mandates contract terms be "strictly construed against the drafter." *Iowa Fuel & Mins., Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 863 (Iowa 1991).

**C. DraftKings Cannot Void All Of Bavas' Bets Under Rules 4.6.4 and 5.4.8.**

Rule 4.6 addresses events that are "called into question" (4.6.1), for being "manipulated" (4.6.2), or "rigged." (4.6.3). (Def. App., p.19). Contra DraftKings, Rule 4.6.4 is simply a "catch-

all provision" designed to scoop up other instances of manipulation or rigging that "unduly influenced" the event. The Rule says nothing about weather or some other legitimate reason an event might end ahead of schedule. (*Id.*)

Similarly, Rule 5.4.8 (App., p. 21) concerns "syndicate" betting—illicit coordination among bettors. The record is without "sufficient probative evidence that would permit a finding" that Bavas was a member of a "syndicate" "based on more than mere speculation, conjecture, or fantasy," *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018).

DraftKings also argues Bavas violated Rule 5.4.8 because Bavas placed "multiple identical Bets," (Def. Resistance, Doc. 29, p. 17), but ignores that Bet #5 was undisputedly a different bet than Bets 1-4 and, importantly, skips past its own Rule 5.4.7, which provides: "[w]hen a Customer places multiple copies of the same bet or places a number of bets that contain the same single selection … all bets *may* be voided *apart from the first bet struck*." (Def. App. p. 21) (emphasis added). Yet DraftKings voided *all* of Bavas' bets, including his first bet and Bet #5.

Moreover, DraftKings admits Bavas used the same account to place all Bets, (Def. App., p 3, ¶¶ 10-11), so DraftKings knew a single user account was placing "multiple identical bets."

**D. Weather is Not an "Error" Under the Contract Terms.**

The House Rules define "Error" as "a mistake, misprint, misinterpretation, mishearing, misreading, mistranslation, spelling mistake, technical hazard, registration error, transaction error, manifest error, force majeure and/or similar." (Def. App., p. 17). Acceptance of bets on the Tournament when DraftKings "knew it was possible that Round 4 of the Tournament might not proceed given the inclement weather," (Butterworth Dec. Def. App., p. 5, ¶ 16), is not "error." DraftKings' own authorities highlight the difference between its actions here and bona fide error. *See Georgia Lottery Corp. v. Sumner*, 242 Ga. App. 758, 760, 529 S.E.2d 925, 926 (2000) (stray printing mark on lottery ticket); *McBride v. New York City Off-Track Betting Corp.,* 66 A.D.2d

770, 770, 410 N.Y.S.2d 868 (1978) (omission of competing horse from betting tickets).

To void Bavas's bets, DraftKings invents a new concept that does not appear *anywhere* in the contract terms—that betting on weather somehow "game[s] the system." (Def. Resistance, p. 8). (*See,* Butterworth Dec. Def. App., p. 6, ¶ 20 "…it was necessary to void Bavas's bets to the extent that his bets took advantage of the bad weather at the Tournament, which is not permitted under the TOU and House Rules.") But betting on weather outcomes, which DraftKings itself considered, is neither prohibited nor improper under the TOU and House Rules, which terminates DraftKings' argument as a matter of law. *DuTrac Cmty. Credit Union v. Radiology Grp. Real Est., L.C.*, 891 N.W.2d 210, 216 (Iowa 2017) (Iowa courts will only "look to the language contained within the four corners of the document" when interpreting contracts).Even were the Court sympathetic to DraftKings' assertion that Bavas should not be permitted to bet on weather, "[t]he court may not rewrite the contract for the purpose of accomplishing that which, in its opinion, may appear proper …." *Dewaay v. Dallenbach*, 810 N.W.2d 25 (Iowa Ct. App. 2011).

**E. The Facts are Undisputed So the Court May Determine Unconscionability.**

There are no disputed material facts regarding unconscionability. Determination of "whether a contractual term is unconscionable is a question of law." *Fields v. NCR Corp.*, 683 F. Supp. 2d 980, 985 (S.D. Iowa 2010). Contra DraftKings, Bavas does not argue that the TOU and Rules were unenforceable merely because they were adhesive, only that they are to be "carefully scrutinized by the courts for the purpose of avoiding enforcement of 'unconscionable' clauses." *Hofmeyer v. Iowa Dist. Ct. for Fayette Cnty.*, 640 N.W.2d 225, 230 (Iowa 2001). The Court can decide on this record whether DraftKings' cited Rules for voiding Bavas' Bets are "(1) bizarre or oppressive; (2) eviscerate[s] terms explicitly agreed to; or (3) eliminate the dominant purpose of the transaction." *Hofmeyer*, 640 N.W.2d at 230.

**F. DraftKings is Estopped from Arguing the Deadline For Leave to Amend Has Passed.**

Bavas sought leave to amend his complaint to plead unconscionability in the event the Court "find[s] itself compelled to enforce the oppressive contractual terms." (Doc. 22-3, p. 20). That motion was filed *before* the deadline to seek leave to amend pleadings. In an email regarding a possible motion to extend time for leave to amend, DraftKings' attorney took the position that:

> … you already have a request seeking leave to amend your complaint in that pending motion, which the Court presumably will address once the motion is decided. Tomorrow's deadline is intended to address more general amendments to the initial pleadings, as opposed to a request for leave to make more specific amendments following the resolution of a summary judgment motion.

(Declaration of Darren T. Kaplan in Reply to Resistance, Appendix in Reply, p. 1, Exhibit "A"). Bavas' counsel relied on that statement and declined to move to extend the deadline. DraftKings is therefore estopped from arguing untimeliness.

**CONCLUSION**

The material facts are undisputed, DraftKings' defenses fail as a matter of law, and Plaintiff is entitled to summary judgment on his breach of contract claims pursuant to Fed. R. Civ. P. 56(a).

Dated October 17, 2025

Respectfully submitted,

s/Darren T. Kaplan
Darren T. Kaplan, Esq.
(*Admitted pro hac vice*)
KAPLAN GORE LLP
One Paces West
2727 Paces Ferry Road SE, Suite 750
Atlanta, GA 30339
Telephone: 404-537-3300
Facsimile: 404-537-3320
Email: dkaplan@kaplangore.com

s/Benjamin K. Lynch
Benjamin K. Lynch, Esq.
BEN LYNCH LAW
8550 Hickman Road
Clive, IA 50325

Telephone: 515-276-3921
E-mail: ben@benlynchlaw.com

*Attorneys for Plaintiff Nicholas Bavas*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF IOWA**

| NICHOLAS BAVAS,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS, INC., and CROWN IA GAMING LLC d/b/a DraftKings,<br><br>Defendants. | Case No.: 4:25-cv-00185 |
|---|---|

**CERTIFICATE OF SERVICE**

I, Darren Kaplan, affirm that the foregoing documents have been served on Defendants DRAFTKINGS, INC. and CROWN IA GAMING LLC's counsel of record at:

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Attn: Rees Morgan, Esq.

rmorgan@coblentzlaw.com

BELIN McCORMICK, P.C.
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Attn: Matthew D. Callanan

mdcallanan@belinmccormick.com

**By filing via ECF on October 17, 2025.**

Dated: Atlanta, Georgia
October 17, 2025

S/Darren. Kaplan
Darren T. Kaplan, Esq.
(*Admitted pro hac vice*)
KAPLAN GORE LLP
2727 Paces Ferry Road SE, Suite 750
Atlanta, GA 30339
Telephone: (404) 537-3300Email:
dkaplan@kaplangore.com