# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| NICHOLAS BAVAS, | * | CIVIL NO. 4:25-cv-00185-SHL-SBJ |
| Plaintiff, | * | |
| v. | * | |
| DRAFTKINGS, INC., and CROWN IA GAMING LLC d/b/a DRAFTKINGS, | * | ORDER |
| Defendants. | * | |

Plaintiff Nicholas Bavas asserts various claims against defendants DraftKings, Inc. and Crown IA Gaming LLC d/b/a DraftKings arising from bets placed by Bavas on a golf tournament. Bavas filed a motion for partial summary judgment on his claims for breach of contract but not on his other claims for breach of the implied covenant of good faith and fair dealing and violations of the Iowa Consumer Fraud Act. Dkt. 22. Bavas contends the undisputed facts demonstrate defendants breached contracts with Bavas when it failed to honor the bets Bavas placed on the outcome of the tournament. *Id.* p. 1. Defendants filed a resistance (Dkt. 29) and also filed a motion pursuant to Federal Rule of Civil Procedure 56(d) requesting that the Court postpone a ruling on Bavas' summary judgment motion to allow defendants to conduct discovery. Dkt. 30. Bavas resists the postponement. Dkt. 33.

The Court considers the motion to be fully submitted. Oral argument by counsel is not necessary. L.R. 7(c). In the Court's opinion, a postponement is warranted to allow discovery to be conducted.

"Discovery does not have to be completed before a court can grant summary judgment, but summary judgment is proper only after the nonmovant has had adequate time for discovery." *In re*

*Temporomandibular Joint Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1489-90 (8th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)); *see also*, *e.g.*, *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016); *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014); *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012); *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006); *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997) ("court must give the parties adequate time to conduct discovery"). Here, under the particular circumstances and posture of this case, defendants should be afforded time and opportunity to conduct discovery related to the issues raised in Bavas' summary judgment motion.

As provided in the Federal Rules of Civil Procedure, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In this case, a scheduling order was entered on August 6, 2025, which set a deadline of March 19, 2026 to complete discovery and a deadline of April 17, 2026 to file dispositive motions. Dkt. 20 ¶¶ 9, 10. A jury trial is set to begin September 28, 2026. *Id.* ¶ 1.

Bavas filed the motion for partial summary judgment on September 5, 2025 well in advance of the deadline for dispositive motions. There is no prohibition, in general, against filing such motions early in a case. Indeed, the rules of procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. But the rules do allow "a party defending against a summary judgment motion to request a court to postpone a decision until completion of adequate discovery." *In re Temporomandibular*, 113 F.3d at 1490; *see also Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018). Specifically, Rule 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Under Rule 56(d), "'the party opposing summary judgment is required to file an affidavit [or declaration] with the district court showing what specific facts further discovery might uncover.'" *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010) (quoting *Anuforo v. Commissioner of Internal Revenue*, 614 F.3d 799, 808 (8th Cir. 2010) (quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999))). But "[i]t is not enough to present a list of facts sought to be discovered. The nonmovant must 'articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact.'" *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (quoting *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quotation omitted)). In other words, the "party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797 (8th Cir. 1996); *see also Elnashar v. Speedway SuperAmerica*, 484 F.3d 1046, 1054 (8th Cir. 2007) ("To obtain a continuance under Rule 56([d]), the movant must show 'good reason for being unable to present facts essential to its response.'" (quoting *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999)); *Robinson*, 439 F.3d at 467 ("party must make a showing . . . that discovery has been inadequate").

The Eighth Circuit has emphasized that Rule 56(d) does not open the waters to a fishing expedition based on mere "speculative hope" that certain facts may exist. *Toben,* 751 F.3d at 895-

3

96. A party seeking relief under Rule 56(d) must show:

> "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion."

*Marlow v. City of Clarendon*, 78 F.4th 410, 416 (8th Cir. 2023) (quoting *Toben*, 751 F.3d at 895). If a party fails to meet its burden under Rule 56(d), "'postponement of a ruling on a motion for summary judgment is unjustified.'" *Id.* (quoted citations omitted); *see, e.g.*, *Elkharwily v. Mayo Holding Co.*, 823 F.3d 462, 471-72 (8th Cir. 2016) (affirming denial of Rule 56(d) motion because there was "no meritorious justification for additional discovery" after "exhaustive discovery through two years of litigation"); *Jackson*, 815 F.3d at 1121-22 (affirming denial of additional time for discovery where Rule 56(d) motion failed to show "that the facts sought exist"); *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 888 (8th Cir. 2015) (affirming denial of continuance under Rule 56(d) because party failed to show how documents are material to summary judgment); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836-37 (8th Cir. 2015) (affirming denial of request for additional discovery under Rule 56(d) because plaintiff did not state with specificity what evidence further discovery would uncover); *Toben*, 751 F.3d at 894-96 (affirming denial of Rule 56(d) motion to stay which failed to show what additional documents or specific facts would prove plaintiff's claim meritorious; affidavit showed only "speculative hope" of finding evidence to support claim).

Here, in the Court's opinion, the requirements of Rule 56(d) have been met. Defendants have satisfactorily shown sufficient reason and need exist for deferring consideration of the summary judgment motion to allow adequate discovery to be conducted. As characterized by defendants, "[t]his case is in its infancy":

> Discovery, by either party, has barely commenced, and no depositions have occurred. No facts relevant to any of the causes of action have been explored. No questions of material fact have been resolved, nor could such questions be resolved

> given the essentially nonexistent record. . . . [Bavas'] breach of contract claims, and particularly his various arguments that the applicable contract provisions are unenforceable, involve fact-intensive issues regarding whether DraftKings properly exercised its discretion to void his bets . . . .

Dkt. 30 p. 3. Defendants insist "[i]t would be unfair and premature to decide the merits of Bavas's motion for partial summary judgment before the parties have had any real opportunity, much less a full and fair one, to develop the factual record." *Id.*

As required by Rule 56(d), defendants submitted a declaration by counsel which indicates written discovery requests were served by Bavas on September 16, 2025 and defendants on October 9, 2025. Dkt. 30-1 ¶¶ 6, 7. The declaration describes multiple topics for which discovery is sought and explains the asserted relevance to the claims and defenses at issue. *Id.* ¶ 9. In the view of the Court, counsel's declaration sufficiently articulates what additional discovery is necessary and identifies facts essential for defendants' opposition to, and the Court's consideration of, Bavas' summary judgment motion as to the breach of contract claims including potential affirmative defenses. The Court is satisfied the discovery sought to be completed by defendants is not just a mere fishing expedition based upon speculative hope. In addition, given the other various claims asserted by Bavas, proceeding with discovery at this stage on all claims and defenses will better serve the overall progression of the case without unfair prejudice to Bavas.

Defendants' Motion Pursuant to Fed. R. Civ. P. 56(d) (Dkt. 30) is therefore granted. A ruling on Plaintiff's Motion for Partial Summary Judgment (Dkt. 22) will be postponed to allow discovery to progress.

IT IS SO ORDERED.

Dated December 22, 2025.

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge